# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ONE JET, INC.,<br><br>　　　　　　　Debtor.<br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORPORATE FLIGHT MANAGEMENT, INC. D/B/A CONTOUR AVIATION,<br><br>　　　　　　　Defendant. | Bankr. Case No. 18-24070-GLT<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 550, AND 553; AVOID AND RECOVER SETOFF;AND TO DISALLOW CLAIM PURSUANT TO 11 U.S.C. § 502**

Rosemary C. Crawford (the "Trustee" or "Plaintiff"), in her capacity as chapter 7 trustee of the Estate of One Jet, Inc. (the "Debtor"), by and through the undersigned counsel, files this complaint (the "Complaint") to avoid and recover certain transfers and for related relief against Corporate Flight Management, Inc. d/b/a Contour Aviation ("CFM"). In support of this Complaint, Plaintiff hereby alleges upon belief that:

## NATURE OF THE CASE

1. This adversary proceeding is commenced pursuant to sections 547, 550, and 553 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") to (a) avoid and recover (1) certain preferential transfers of property made by the Debtor to CFM within the one year period prior to the commencement of the Debtor's bankruptcy case, and (2) a

certain setoff by CFM that occurred within the ninety (90) days preceding the commencement of the Debtor's bankruptcy and (b) for other, related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Western District of Pennsylvania (the "Court") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. This adversary proceeding is a "core" proceeding to be heard and determined by this court pursuant to 11 U.S.C. § 157(b) (2).

3. The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code, and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The Trustee consents to the jurisdiction of the bankruptcy court and the entry of final orders or judgment by the bankruptcy judge.

## PROCEDURAL BACKGROUND

5. On October 17, 2018 (the "Petition Date"), petitioning creditors filed an involuntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code against the Debtor in the Court at Case Number 18-24070-GLT (the "Case").

6. On November 13, 2018, the Court entered an order for relief [Doc. No. 28] against the Debtor.

7. On November 13, 2018, the Trustee was appointed to administer the estate of the Debtor.

8. The Trustee's duties include bringing claims to avoid and recover preferential or fraudulent transfers pursuant to sections 547, 548, 553(b) and 550 of the Bankruptcy Code, and applicable non-bankruptcy law.

9. On or about February 27, 2019, the Court entered an Order authorizing the Employment of Bernstein-Burkley, P.C., as Special Counsel to the Trustee ("Special Counsel") [Doc 451].

## FACTUAL BACKGROUND

10. The Debtor is a California corporation that, until its bankruptcy, primarily engaged in airline transportation services.

11. In the course of its business, the Debtor maintained business relationships with vendors, suppliers, distributors, and creditors.

12. CFM conducted business with the Debtor through August 2018.

13. CFM is a Tennessee corporation with a principal office located at 808 Blue Angel Way, Smyrna TN 37167-374.

14. On or about March 04, 2016, the Debtor and CFM (collectively, the "Parties") executed a certain Aircraft Management Agreement and Charter Agreement, as amended (the "Operating Agreement"), pursuant to which the Debtor engaged CFM to operate and manage all of the aircraft the Debtor owned and/or leased.

15. Pursuant to the Operating Agreement and throughout the business relationship between the Parties, the Debtor tendered various payments to CFM as security deposits. As of August 14, 2018, CFM held the total amount of $318,000.00 as a security deposit (the "Security Deposit").

16. In the ordinary course of business, the Debtor owned and/or leased various aircraft, which in turn it subleased to CFM.

17. Ancillary to the Operating Agreement, the Debtor and CFM also entered into numerous other agreements, including that certain Aircraft Sub/Lease and Maintenance

Agreement dated March 4, 2016 RK-556 (N488TM), as amended; that certain Aircraft Sub/Lease and Maintenance Agreement RK-452 (N109NS) dated April 14, 2017, as amended; that certain Aircraft Sub/Lease and Maintenance Agreement RK-532 (N481TM) dated April 14, 2017 and effective May 12, 2017, as amended; that certain Aircraft Sub/Lease and Maintenance Agreement RK-415 (N102NS) dated July 12, 2017; that certain Aircraft Sub/Lease and Maintenance Agreement RK-549 (N483TM) dated June 15, 2017; that certain Aircraft Sub/Lease and Maintenance Agreement RK-363 (N790SS) dated October 17, 2017; that certain Aircraft Sub/Lease and Maintenance Agreement 145292 (N17513) dated January 1, 2018; and that certain Aircraft Sub/Lease and Maintenance Agreement 145393 (N16919) dated February 26, 2018 (collectively, the "<u>Sublease Agreements</u>").

18. Pursuant to the Operating Agreement and the Sublease Agreements, CFM was the sole operator of the Debtor's entire fleet of aircraft. As of August 2018, CFM operated a total of eight aircraft on behalf of the Debtor.

19. Pursuant to the Operating Agreement, CFM conducted "[a]ll flight operations" for the Debtor and such operations were "exclusively under the operational control of [CFM]."

20. Among its other duties, the Defendant: (a) interviewed, drug tested, background checked, hired, trained, employed, scheduled, supervised and paid all pilots, flight crew members, mechanics, maintenance crew members and other support staff engaged in the operation of all aircraft in the Debtor's fleet; (b) procured and maintained all applicable insurance coverage for all aircraft in the Debtor's fleet; (c) held all applicable operating licenses and certifications required by the Federal Aviation Administration ("FAA"), Department of Transportation ("DOT"), Transportation Security Administration ("TSA") and other agencies for the operation of all aircraft

in the Debtor's fleet; and (d) acted as the sole point of contact with the FAA, DOT and TSA and all other applicable agents with respect to all aircraft in the Debtor's fleet

21. CFM's pilots had sole discretion to terminate flights, refuse to commence flights, proceed to alternate destinations or take any other action required for safety.

22. CFM is an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code, including, but not limited to, because CFM operated substantially all of the property of the Debtor under a lease or operating agreement.

23. CFM sent a certain Notice of Contract Terminations, purporting to terminate the Operating Agreement and the Sublease Agreements (collectively, the "Agreements"), effective June 27, 2018, on the basis of the Debtor's alleged default under the Agreements.

24. On or about August 14, 2018, the parties executed a certain Settlement and Mutual Release (the "Settlement Agreement").

**A. Factual Background Pertaining to Setoff**

25. Pursuant to the Settlement Agreement, as of August 14, 2018, the Debtor allegedly owed $889,370.53 to CFM (the "CFM Claim").

26. A portion of the CFM Claim, in the amount of $454,922.51, was secured by liens against several aircraft owned and/or leased by the Debtor. CFM perfected those liens via filings with the Federal Aviation Administration Registry.

27. As of August 14, 2018, the remainder of the CFM Claim, in the amount of $434,480.02 (i.e., $889,370.53 - $454,922.51 = $434,480.02) was not secured by any lien.

28. As of August 14, 2018, the dollar amounts of liens on each of the aircraft that secured part of the CFM Claim were as follows:

    a. $20,301.72 for aircraft tail number N102NS;

  b. $22,435.75 for aircraft tail number N109NS;

  c. $64,300.95 for aircraft tail number N481TM;

  d. $21,609.24 for aircraft tail number N483TM;

  e. $114,664.47 for aircraft tail number N488TM;

  f. $157,930.12 for aircraft tail number N16919; and

  g. $53,680.26 for the aircraft tail number N17513.

29. On August 15, 2018, CFM owed Security Deposits to the Debtor totaling $318,000.00.

30. On August 15, 2018, pursuant to the terms of the Settlement Agreement, the Defendant set off $293,000.00 of those Security Deposit to reduce the CFM Claim (the "Setoff").

**B. Factual Background Pertaining to Preferential Transfers.**

31. As of August 30, 2018, the Debtor owned Hawker 400A serial no. RK-532, which was registered as N481TM (the "N481TM Aircraft").

32. On August 31, 2018, the Debtor and CFM entered into a certain Amended Aircraft Purchase and Sale Agreement (the "Sale Agreement"), for the sale for the N481TM Aircraft to CFM for the total purchase price of $1,033,917.53 (the "Purchase Price").

33. Pursuant to the term of the Sale Agreement, AIC Title Services, LLC (the "Escrow Agent") was to facilitate the purchase and sale of the N481TM Aircraft.

34. At the closing of the aircraft sale, the Escrow Agent was to distribute the Purchase Price as follows: (a) $596,370.53 to CFM, (b) $137,547.00 to AirWheel Investments, LP, and (c) $300,000.00 to the Debtor.

35. On August 31, 2018, the Escrow Agent wired $596,370.53 to CFM (the "Sale Proceeds Transfer"), which it applied to the CFM Claim.

36. During the one-year prior to the Petition Date, from October 17, 2017, to October 17, 2018 (the "Preference Period"), the Debtor continued to operate its business, including making transfers of property to various entities in the form of checks, cashier's checks, wire transfers, ACH transfers, and the like.

37. The Debtor made payments, constituting transfers of an interest in its property, to or for the benefit of CFM during the Preference Period in the total amount of not less than $9,893,701.12 (collectively, the "Preferential Transfer" or "Preferential Transfers"). The details of such Preferential Transfers are attached hereto and incorporated herein as **Exhibit A**.

38. The Trustee acknowledges that the Defendant may be entitled to assert defenses under Section 547(c) of the Bankruptcy Code. Pursuant to Section 547(g) of the Bankruptcy Code, the Defendant bears the burden of proof for any and all defenses it may assert.

39. To the extent the Trustee learns of any additional avoidable transfers (collectively, the Setoff, Sale Proceeds Transfer, Preferential Transfers, and any additional avoidable transfers are referred to below as the "Transfers") that the Debtor made to CFM, it is the Trustee's intention to avoid and recover any and all such Transfers. Therefore, the Trustee reserves all rights to amend or supplement this Complaint accordingly.

## COUNT I
## AVOIDANCE OF SETOFF PURSUANT TO 11 U.S.C. § 553(b)

40. The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

41. Pursuant to section 553(b) of the Bankruptcy Code, the Trustee is entitled to avoid a setoff that occurred on or within 90 days before the Petition Date to the extent that any insufficiency (as that term is defined in section 553(b)) on the date of that setoff is less than the

insufficiency on the later of (a) 90 days before the Petition Date, or (b) the first date during the 90 days immediately preceding the Petition Date on which there was an insufficiency.

42. At all times pertinent to the allegations in this Complaint, CFM was a creditor of the Debtor.

43. CFM set off a mutual debt owing to the Debtor against CFM's own claims against the Debtor within 90 days before the Petition Date, including by way of the Setoff.

44. Upon information and belief, the insufficiency on the date the Setoff is less than the insufficiency on the later of (a) 90 days before the Petition Date and (b) the first date during the 90 days immediately preceding the Petition Date on which there was an insufficiency.

45. Accordingly, the Trustee is entitled to an order avoiding and recovering the Setoff from CFM under section 553(b) of the Bankruptcy Code to the extent the insufficiency on the date the setoff occurred was less than the insufficiency on the later of (a) 90 days before the Petition Date and (b) the first date during the 90 days immediately preceding the Petition Date on which there was an insufficiency ("CFM's Improvement in Position").

46. On information and belief, CFM's Improvement in Position was not less than $293,000.00.

47. Under section 553(b) of the Bankruptcy Code, the Trustee is entitled to the entry of an order avoiding, and enabling the Trustee to recover the Setoff from CFM, in the amount of $293,000.00.

## COUNT II
## AVOIDANCE OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 547

48. The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

49. Pursuant to Section 547 of the Bankruptcy Code, the Trustee may:

Based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid any transfer of an interest of the debtor in property-

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made--
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if--
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

50. As described on Exhibit A, the Debtor made transfers to or for the benefit of CFM in a total amount not less than $9,893,701.12.

51. The Preferential Transfers were made from one or more of the Debtor's bank accounts, and therefore constituted transfers of an interest of the Debtor in property.

52. Each Preferential Transfer was made to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code, because each Preferential Transfer reduced or satisfied an obligation or debt the Debtor owed to CFM.

53. Each Preferential Transfer was made for or on account of an antecedent debt owed by the Debtor to CFM through their ongoing business relationship.

54. Each Preferential Transfer was made while the Debtor was insolvent, because (a) during the period from one year before the Petition Date until the 90th day before the Petition Date, the Debtor was unable to pay its debts as they came due, and (b) during the 90 days immediately preceding the Petition Date, the Debtor is presumed to be insolvent, pursuant to section 547(f) of the Bankruptcy Code.

55. Each Preferential Transfer was made during the Preference Period.

56. As a result of the Preferential Transfers, CFM received more than it would have received if CFM had participated in the distribution of the assets of the bankrupt estate pursuant to chapter 7 of the Bankruptcy Code, the Preferential Transfers had not been made, and CFM received payment of its claims to the extent provided by the provisions of the Bankruptcy Code.

57. Accordingly, the Trustee is entitled to entry of an order avoiding the Preferential Transfers in the amount of $9,893,701.12 under section 547 of the Bankruptcy Code.

## COUNT III
## AVOIDANCE OF SALE PROCEEDS TRANSFER PURSUANT TO 11 U.S.C. § 547

58. The Trustee hereby incorporates all preceding paragraphs by reference as if fully set forth herein.

59. At the direction of the Debtor, the Escrow Agent effected the Sale Proceeds Transfer, in the amount of $596,370.53, to CFM.

60. The Sale Proceeds Transfer constituted a transfer of an interest of the Debtor in property, because the Debtor owned the N481TM Aircraft and, therefore, the Debtor owned all of the proceeds derived from that aircraft's sale (including the proceeds that were the subject of the Sale Proceeds Transfer).

61. The Sale Proceeds Transfer was made to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code, because the Sale Proceeds Transfer reduced or satisfied an obligation or debt the Debtor owed to CFM.

62. The Sale Proceeds Transfer was made for or on account of an antecedent debt owed by the Debtor to CFM.

63. The Sale Proceeds Transfer was made while the Debtor was insolvent, because the Debtor is presumed to be insolvent during the 90 days immediately preceding the Petition Date, pursuant to section 547(f) of the Bankruptcy Code.

64. As a result of the Sale Proceeds Transfer, CFM received more than it would have received if CFM had participated in the distribution of the assets of the bankrupt estate pursuant to chapter 7 of the Bankruptcy Code, the Sale Proceeds Transfer had not been made, and CFM received payment of its claims to the extent provided by the provisions of the Bankruptcy Code.

65. Accordingly, the Trustee is entitled to entry of an order avoiding the Sale Proceeds Transfer in the amount of $ 596,370.53 under section 547 of the Bankruptcy Code

## COUNT IV
## RECOVERY OF AVOIDED TRANSFERS UNDER 11 U.S.C. § 550

66. Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

67. Trustee is entitled to avoid all of the Transfers under sections 553(b) or 547, as the case may be.

68. CFM was the initial transferee of all Transfers (or was the immediate or mediate transferee of the Transfers or the person for whose benefit the Transfers were made).

69. Pursuant to section 550(a) of the Bankruptcy Code, Trustee is entitled to recover from CFM all of the Transfers or their value.

## COUNT V
## DISALLOWANCE OF ALL CLAIMS UNDER 11 U.S.C. § 502(d) AND (j)

70. The Trustee incorporates all preceding paragraphs by reference as if fully set forth herein.

71. CFM is an entity from which property is recoverable under sections 550 and 553 of the Bankruptcy Code.

72. CFM is a transferee of all of the Transfers that are avoidable under sections 547 and 553 of the Bankruptcy Code.

73. CFM has not paid the amount of the Transfers, or turned over such property, for which CFM is liable under sections 550 or 553 of the Bankruptcy Code.

74. Pursuant to section 502(d) of the Bankruptcy Code, any and all claims of the Defendant and/or its assignee against the Debtor's chapter 7 estate must be disallowed until such time as CFM pays to the Trustee an amount equal to the aggregate amount of the Transfers.

75. Pursuant to section 502(j) of the Bankruptcy Code, any and all claims of CFM, and/or its assignee, that have been allowed against the Debtor's chapter 7 estate must be reconsidered and disallowed until such time as CFM pays to the Trustee an amount equal to the aggregate amount of all the Transfers.

WHEREFORE, Plaintiff, Rosemary C. Crawford, solely in her capacity as chapter 7 trustee of the Estate of One Jet, Inc., prays that this Court grant the following relief against the Defendant, Corporate Flight Management, Inc. d/b/a Contour Aviation:

A. Judgment in favor of the Trustee and against CFM, avoiding the Setoff, enabling the Plaintiff to recover, and directing CFM to return to Plaintiff $293,000.00 pursuant to 11 U.S.C. § 553(b);

B.  Judgment in favor of the Trustee and against CFM, avoiding the Preferential Transfers and Sale Proceeds Transfer and directing CFM to return to Plaintiff $10,490,071.65, pursuant to 11 U.S.C. §§ 547(b) and 550;

C.  Judgment in favor of the Trustee and against CFM, declaring any and all claims held by CFM and/or its assignee are disallowed in accordance with 11 U.S.C. §§ 502(d) and 502(j) until and unless CFM satisfies the judgment; and

D.  Granting to the Trustee the costs of this action, and such other relief and further relief as this Court deems just and proper.

Dated: September 4, 2020                    BERNSTEIN-BURKLEY, P.C.

By: */s/ John J. Richardson*
Kirk B. Burkley, Esq. PA I.D.: 89511
kburkley@bernsteinlaw.com
John J. Richardson, Esq., PA I.D.: 86045
jrichardson@bersteinlaw.com
Keila Estevez, Esq., PA I.D.: 324601
kestevez@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
T: (412) 456 – 8100
F: (412) 456 – 8135

*Special Counsel to the Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>ONE JET, INC.,<br><br>　　　　　　　Debtor.<br>ROSEMARY C. CRAWFORD, Chapter 7 Trustee,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>CORPORATE FLIGHT MANAGEMENT, INC.<br>D/B/A CONTOUR AVIATION,<br><br>　　　　　　　Defendant. | Bankr. Case No. 18-24070-GLT<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

## ORDER OF COURT

On this _____ day of _____, 2020, upon consideration of the foregoing complaint (the "Complaint") filed by Rosemary C. Crawford, solely in her capacity as chapter 7 trustee of the Estate of One Jet, Inc. (the "Plaintiff"), to avoid and recover certain transfers, against Corporate Flight Management, Inc. d/b/a Contour Aviation ("CFM"), and all responses thereto, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. The relief requested in the Complaint is hereby **GRANTED**;

2. Judgment is hereby entered in favor of the Trustee and against CFM **AVOIDING** the Transfers (as defined in the Complaint) and **DIRECTING** CFM to return to the Trustee the sum of $10,783,071.65 within ten (10) business days of the date that this Order becomes final and non-appealable; and

3. Judgment is hereby entered in favor of the Trustee and against CFM, ordering any and all claims held by CFM and/or its assignee hereby are **DISALLOWED** until and unless CFM satisfies this judgment in full.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Gregory L. Taddonio
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge

## Exhibit A

## STATEMENT OF TRANSFERS DURING THE PREFERENCE PERIOD

| Transaction Date | Description | Bank Reference No. | Recipient | Amount |
|---|---|---|---|---|
| 10/19/2017 | WIRE TRANS TRN 1019014451 101917 UBOC UB297081N | 93052002 | CORPORATE FLIGHT MANAGEMENT | $ 110,134.00 |
| 10/23/2017 | WIRE TRANS TRN 1023021503 102317 UBOC UB273708N | 93055891 | CORPORATE FLIGHT MANAGEMENT | $ 55,000.00 |
| 10/27/2017 | WIRE TRANS TRN 1027019552 102717 UBOC UB239835N | 93054290 | CORPORATE FLIGHT MANAGEMENT | $ 150,000.00 |
| 11/1/2017 | WIRE TRANS TRN 1101027 599 110117 UBOC UB201360N | 93057679 | CORPORATE FLIGHT MANAGEMENT | $ 144,891.29 |
| 11/6/2017 | WIRE TRANS TRN 11060267 46 110617 UBOC UB173649N | 93056991 | CORPORATE FLIGHT MANAGEMENT | $ 129,253.41 |
| 11/9/2017 | WIRE TRANS TRN 1109022729 110917 UBOC UB150378N | 93056346 | CORPORATE FLIGHT MANAGEMENT | $ 13,413.22 |
| 11/10/2017 | WIRE TRANS TRN 1110021171 111017 UBOC UB142554N | 93055491 | CORPORATE FLIGHT MANAGEMENT | $ 100,000.00 |
| 11/14/2017 | CORPORATE FLIGH ACH CCD | 52995807 | CORPORATE FLIGHT MANAGEMENT | $ 168,454.69 |
| 11/15/2017 | WIRE TRANS TRN 1115022310 111517 UBOC UB119727N | 93055474 | CORPORATE FLIGHT MANAGEMENT | $ 100,000.00 |
| 11/22/2017 | WIRE TRANS TRN 1122018523 112217 UBOC UB073863N | 93053522 | CORPORATE FLIGHT MANAGEMENT | $ 206,000.00 |
| 11/29/2017 | WIRE TRANS TRN 1129018152 112917 UBOC UB041919N | 93053129 | CORPORATE FLIGHT MANAGEMENT | $ 85,000.00 |
| 11/29/2017 | CORPORATE FLIGH ACH CCD | 56998455 | CORPORATE FLIGHT MANAGEMENT | $ 124,889.23 |
| 12/1/2017 | WIRE TRANS TRN 1201030254 120117 UBOC UB011031N | 93058418 | CORPORATE FLIGHT MANAGEMENT | $ 83,617.00 |
| 12/11/2017 | WIRE TRANS TRN 1211018235 121117 U8OC UB964980N | 93051978 | CORPORATE FLIGHT MANAGEMENT | $ 170,000.00 |
| 12/14/2017 | CORPORATE FLIGH ACH CCD | 51353582 | CORPORATE FLIGHT MANAGEMENT | $ 168,454.69 |
| 12/15/2017 | WIRE TRANS TRN 1215029199 121517 UBOC UB922491N | 93054107 | CORPORATE FLIGHT MANAGEMENT | $ 18,800.00 |
| 12/15/2017 | WIRE TRANS TRN 1215031786 121517 UBOC UB920529N | 93055590 | CORPORATE FLIGHT MANAGEMENT | $ 208,577.59 |
| 12/19/2017 | WIRE TRANS TRN 1219024488 121917 UBOC UB902505N | 93057182 | CORPORATE FLIGHT MANAGEMENT | $ 89,928.00 |
| 12/22/2017 | WIRE TRANS TRN 1222023757 122217 UBOC UB871086N | 93056850 | CORPORATE FLIGHT MANAGEMENT | $ 73,107.76 |
| 12/22/2017 | WIRE TRANS TRN 1222023759 122217 UBOC UB871083N | 93056852 | CORPORATE FLIGHT MANAGEMENT | $ 90,245.63 |

| Date | Description | Ref | Payee | | Amount |
|---|---|---|---|---|---|
| 12/28/2017 | CORPORATE FLIGH ACH CCD | 54625140 | CORPORATE FLIGHT MANAGEMENT | $ | 131,046.04 |
| 1/3/2018 | WIRE TRANS TRN 0103023504 010318 UBOC UB811245N | 93053791 | CORPORATE FLIGHT MANAGEMENT | $ | 86,844.00 |
| 1/8/2018 | WIRE TRANS TRN 0108020333 010818 UBOC UB788244N | 93052557 | CORPORATE FLIGHT MANAGEMENT | $ | 74,119.00 |
| 1/11/2018 | CORPORATE FLIGH ACH CCD | 58496259 | CORPORATE FLIGHT MANAGEMENT | $ | 157,454.86 |
| 1/16/2018 | WIRE TRANS TRN 0116025919 011618 UBOC UB745107N | 93055331 | CORPORATE FLIGHT MANAGEMENT | $ | 94,436.46 |
| 1/22/2018 | WIRE TRANS TRN 0122020619 012218 UBOC UB709284N | 93053759 | CORPORATE FLIGHT MANAGEMENT | $ | 81,658.85 |
| 1/26/2018 | WIRE TRANS TRN 0126018626 012618 UBOC UB677148N | 93053031 | CORPORATE FLIGHT MANAGEMENT | $ | 179,859.00 |
| 1/30/2018 | CORPORATE FLIGH ACH CCD | 56775264 | CORPORATE FLIGHT MANAGEMENT | $ | 140,465.34 |
| 2/5/2018 | WIRE TRANS TRN 0205021602 020518 UBOC UB618537N | 93053072 | CORPORATE FLIGHT MANAGEMENT | $ | 126,826.50 |
| 2/9/2018 | WIRE TRANS TRN 0209024441 020918 UBOC UB582339N | 93057234 | CORPORATE FLIGHT MANAGEMENT | $ | 92,108.63 |
| 2/9/2018 | WIRE TRANS TRN 0209024442 020918 UBOC UB582336N | 93057235 | CORPORATE FLIGHT MANAGEMENT | $ | 119,874.00 |
| 2/14/2018 | CORPORATE FLIGH ACH CCD | 53273824 | CORPORATE FLIGHT MANAGEMENT | $ | 183,892.02 |
| 2/16/2018 | WIRE TRANS TRN 0216023033 021618 UBOC UB544140N | 93055850 | CORPORATE FLIGHT MANAGEMENT | $ | 219,126.72 |
| 2/21/2018 | WIRE TRANS TRN 0221024996 022118 UBOC UB524997N | 93057254 | CORPORATE FLIGHT MANAGEMENT | $ | 57,087.00 |
| 2/23/2018 | WIRE TRANS TRN 0223022300 022318 UBOC UB509739N | 93055921 | CORPORATE FLIGHT MANAGEMENT | $ | 102,892.12 |
| 2/27/2018 | CORPORATE FLIGH ACH CCD | 56867521 | CORPORATE FLIGHT MANAGEMENT | $ | 170,419.49 |
| 3/1/2018 | WIRE TRANS TRN 0301023780 030118 UBOC UB469788N | 93054219 | CORPORATE FLIGHT MANAGEMENT | $ | 113,965.69 |
| 3/2/2018 | WIRE TRANS TRN 0302026133 030218 UBOC UB456813N | 93055830 | CORPORATE FLIGHT MANAGEMENT | $ | 74,401.35 |
| 3/9/2018 | WIRE TRANS TRN 0309024340 030918 UBOC UB415683N | 93057138 | CORPORATE FLIGHT MANAGEMENT | $ | 239,684.09 |
| 3/14/2018 | CORPORATE FLIGH ACH CCD | 53115742 | CORPORATE FLIGHT MANAGEMENT | $ | 238,336.24 |
| 3/15/2018 | WIRE TRANS TRN 0315024217 031518 UBOC UB384291 N | 93056298 | CORPORATE FLIGHT MANAGEMENT | $ | 125,000.00 |
| 3/16/2018 | WIRE TRANS TRN 0316022541 031618 UBOC UB375681N | 93055930 | CORPORATE FLIGHT MANAGEMENT | $ | 125,000.00 |
| 3/23/2018 | WIRE TRANS TRN 0323022903 032318 UBOC UB332340N | 93056793 | CORPORATE FLIGHT MANAGEMENT | $ | 420,820.21 |
| 3/26/2018 | WIRE TRANS TRN 0326025571 032618 UBOC UB323466N | 93057365 | CORPORATE FLIGHT MANAGEMENT | $ | 125,000.00 |
| 3/28/2018 | WIRE TRANS TRN 0328024496 032818 UBOC UB304911 N | 93056786 | CORPORATE FLIGHT MANAGEMENT | $ | 125,000.00 |

| Date | Description | Ref | Payee | Amount |
|---|---|---|---|---|
| 3/29/2018 | CORPORATE FLIGH ACH CCD | 58850278 | CORPORATE FLIGHT MANAGEMENT | $ 182,300.79 |
| 3/30/2018 | WIRE TRANS TRN 0330028312 033018 UBOC UB277974N | 93058450 | CORPORATE FLIGHT MANAGEMENT | $ 25,000.00 |
| 3/30/2018 | WIRE TRANS TRN 0330028057 033018 UBOC UB278358N | 93058263 | CORPORATE FLIGHT MANAGEMENT | $ 125,000.00 |
| 4/4/2018 | WIRE TRANS TRN 0404017997 040418 UBOC UB259875N | 93052618 | CORPORATE FLIGHT MANAGEMENT | $ 168,191.00 |
| 4/9/2018 | WIRE TRANS TRN 0409025130 040918 UBOC UB229728N | 93056056 | CORPORATE FLIGHT MANAGEMENT | $ 125,000.00 |
| 4/12/2018 | CORPORATE FLIGH ACH CCD | 53749991 | CORPORATE FLIGHT MANAGEMENT | $ 263,486.54 |
| 4/13/2018 | WIRE TRANS TRN 0413029796 041318 UBOC UB192384N | 93054507 | CORPORATE FLIGHT MANAGEMENT | $ 100,041.98 |
| 4/18/2018 | WIRE TRANS TRN 0418021877 041818 UBOC UB168387N | 93055658 | CORPORATE FLIGHT MANAGEMENT | $ 125,000.00 |
| 4/19/2018 | WIRE TRANS TRN 0419022477 041918 UBOC UB158229N | 93056735 | CORPORATE FLIGHT MANAGEMENT | $ 102,548.40 |
| 4/24/2018 | WIRE TRANS TRN 0424017976 042418 UBOC UB136665N | 93053660 | CORPORATE FLIGHT MANAGEMENT | $ 92,000.00 |
| 4/26/2018 | WIRE TRANS TRN 0426016933 042618 UBOC UB118368N | 93052681 | CORPORATE FLIGHT MANAGEMENT | $ 55,679.00 |
| 4/27/2018 | CORPORATE FLIGH ACH CCD | 59729086 | CORPORATE FLIGHT MANAGEMENT | $ 210,954.62 |
| 5/7/2018 | WIRE TRANS TRN 0507022120 050718 UBOC UB046629N | 93054241 | CORPORATE FLIGHT MANAGEMENT | $ 125,000.00 |
| 5/8/2018 | WIRE TRANS TRN 0508024855 050818 UBOC UB035856N | 93056260 | CORPORATE FLIGHT MANAGEMENT | $ 125,000.00 |
| 5/10/2018 | WIRE TRANS TRN 0510017075 051018 UBOC UB025269N | 93052477 | CORPORATE FLIGHT MANAGEMENT | $ 125,001.00 |
| 5/14/2018 | CORPORATE FLIGH ACH CCD | 56814248 | CORPORATE FLIGHT MANAGEMENT | $ 264,299.17 |
| 5/18/2018 | WIRE TRANS TRN 0518024462 051818 UBOC UB967230N | 93058739 | CORPORATE FLIGHT MANAGEMENT | $ 818,553.06 |
| 5/29/2018 | WIRE TRANS TRN 0529025796 052918 UBOC UB913596N | 93057146 | CORPORATE FLIGHT MANAGEMENT | $ 70,620.40 |
| 5/30/2018 | CORPORATE FLIGH ACH CCD | 52214435 | CORPORATE FLIGHT MANAGEMENT | $ 223,444.50 |
| 6/6/2018 | WIRE TRANS TRN 0606022199 060618 UBOC UB851217N | 93054945 | CORPORATE FLIGHT MANAGEMENT | $ 122,740.90 |
| 6/14/2018 | CORPORATE FLIGH ACH CCD | 57815611 | CORPORATE FLIGHT MANAGEMENT | $ 250,149.52 |
| 6/28/2018 | CORPORATE FLIGH ACH CCD | 51816257 | CORPORATE FLIGHT MANAGEMENT | $ 198,606.12 |
| 7/27/2018 | WIRE TRANS TRN 0727026893 072718 UBOC UB516927N | 93059164 | CORPORATE FLIGHT MANAGEMENT | $ 50,000.00 |
| 7/31/2018 | WIRE TRANS TRN 0731024902 073118 UBOC UB501225N | 93055930 | CORPORATE FLIGHT MANAGEMENT | $ 50,000.00 |
| | | | **Total** | **$ 9,893,701.12** |